JOSEPH BROOKS, RESPONDENT, *v.* LEVI HEY, APPELLANT, IMPLEADED, ETC.

*Accommodation note—when the failure of the payee to comply with a prior agreement is no defense to the accommodation maker.*

When a note is made for the general accommodation of the payee and no restrictions are placed upon him as to its use, he may use it in any way which seems beneficial to him, provided it is not negotiated usuriously, and his failure to apply the proceeds according to a prior agreement with the maker constitutes no defense to the latter in an action brought against him thereon.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*Oscar Craig*, for the appellant.

*Frederick L. Manning*, for the respondent.

TALCOTT, P. J.:

The defendant is sued as the maker of a note for $500, payable to the order of John R. Kreutter, at the Flour City National Bank, three months after the date thereof. Kreutter is also sued in this action as the indorser of the note, but made default, and judgment has passed against him by default. Hey sets up in his answer that the note was made by him for the accommodation of Kreutter, to enable him to procure stock in his business, and alleges that Kreutter promised if Hay would make the notes, that he, Kreutter, would send the defendant money or stock, consisting of rags, in which both parties 'were dealers, sufficient to enable Hey to take up the note, but has not done so. The note was negotiated to the plaintiff by Kreutter without any notice to the plaintiff of the circumstances under which it had been given, and he received it, supposing it was business paper made for a valuable consideration. The referee finds that at the time the note was made and delivered, it was agreed by Kreutter that the avails should be used in purchasing or for payment for rags, or that he would send Hey sufficient rags to meet and pay the note, or, in case he did not, that he would send money sufficient to make up any deficiency. The note was indorsed to the plaintiff before maturity, who at the time canceled an open book account he had against Kreutter for forty-eight dollars, surrendered a note of Kreutter's for $100, and interest, indorsed by one Harrington. He also canceled a claim for $160 and interest which he had against Kreutter, for the note of a third party, which the plaintiff had previously transferred to Kreutter, and which Kreutter had collected, and also delivered up to Kreutter certain drafts which the latter had given to certain peddlers for rags, and which the plaintiff had paid, in all amounting to upwards of $180 or $190, and paid said Kreutter the balance in cash.

The referee does not find that there was any restriction imposed on Kreutter as to the manner in which he should use the note. On the contrary, being requested on the settlement of the case to find " that the note in suit was given for the express purpose of enabling the defendant Kreutter to buy new stock and for said specific purpose only," he refused so to find, and refused to find " that the note was diverted from said specific purpose by said Kreutter with-

out the consent of Hey." There was evidence sufficient to sustain the referee's findings and refusals to find.

The note having been made for Kreutter's general accommodation, and no restrictions having been placed upon him as to its use, he was at liberty to use it in any way which seemed beneficial to himself, provided it was not negotiated usuriously. (*Seneca Co. Bank* v. *Neass*, 3 Comst., 442; *Comstock* v. *Hier*, 73 N. Y., 269; *Archer* v. *Shea*, 14 Hun, 493.)

The failure on the part of a payee of an accommodation note to appropriate the proceeds according to a prior agreement, is no defense for the accommodation maker, otherwise there could be no recovery on an accommodation note. Where there is no restriction as to the use which the payee shall make of the note, it is sufficient if he receives a full and legal consideration for it when he transfers it.

The judgment should be affirmed.

SMITH and HARDIN, JJ., concurred.

Judgment affirmed.